**Supreme Court**
No. 2023-301-Appeal.

Carol Scalzo                    :

v.                              :

Victoria Mendrinos.             :

**O R D E R**

The defendant, Victoria Mendrinos, appeals from an order of the Superior

Court granting preliminary injunctive relief to the plaintiff, Carol Scalzo, which, in

conjunction with a grant of equivalent relief for the defendant, prohibited all contact

between the parties.  This case came before the Supreme Court pursuant to an order

directing the parties to appear and show cause why the issues raised in this appeal

should not be summarily decided.  After considering the parties' written and oral

submissions and reviewing the record, we conclude that cause has not been shown

and that this case may be decided without further briefing or argument.  For the

reasons set forth herein, we vacate the order of the Superior Court.

The Superior Court heard plaintiff's request for preliminary injunctive relief

against defendant on May 22, 2023.[1]  Both parties appeared without counsel.  At the

---

[1] At the time of the hearing, the parties lived on the same floor of an apartment building in Bristol, Rhode Island.  At oral argument, defendant's counsel represented, and plaintiff confirmed, that defendant had since moved.

- 1 -

time, plaintiff was subject to a no-contact order with defendant that, according to plaintiff, she had "been diligently respecting." She argued, however, that a separate order was necessary to prevent defendant from "trying to antagonize [her] and instigate [her] into some kind of confrontation." The plaintiff alleged that defendant had called the police on her without cause and, on several occasions, had videotaped her in an apparent effort "to catch [her] in some kind of criminal act," which had "become distressful."

The trial justice then asked to hear from defendant. The defendant managed to utter only a few sentences, however, before the trial justice announced that he would grant plaintiff's motion for a preliminary injunction. He then determined that the preliminary injunction would be "[m]utual," set to expire one year after the date of the hearing, on May 22, 2024. The order entered on May 22, 2023, and defendant filed a notice of appeal that same day.

Aside from noting that his decision would "end it," the trial justice did not articulate his rationale for granting plaintiff's motion, let alone for granting a mutual injunction. "In ruling on a motion for a preliminary injunction, 'we do not require trial justices to set forth comprehensive findings of fact.'" *Riccio v. Theiss*, 305 A.3d 1267, 1270 (R.I. 2024) (mem.) (brackets omitted) (quoting *United Parcel Service, Inc. v. Griffiths*, 297 A.3d 502, 503 (R.I. 2023) (mem.)). Because "injunctive relief is an extraordinary remedy," however, "a trial justice must, at a minimum, articulate

- 2 -

a coherent, unambiguous basis of support for the four [preliminary injunction] factors." *Id.* (quoting *United Parcel Service, Inc.*, 297 A.3d at 503). Specifically, the trial justice must consider and resolve

> "whether the moving party (1) has a reasonable likelihood of success on the merits, (2) will suffer irreparable harm without the requested injunctive relief, (3) has the balance of the equities, including the possible hardships to each party and to the public interest, tip in its favor, and (4) has shown that the issuance of a preliminary injunction will preserve the status quo." *Id.* at 1269-70 (quoting *Gianfrancesco v. A.R. Bilodeau, Inc.*, 112 A.3d 703, 708 (R.I. 2015)).

We review for abuse of discretion. *Id.* at 1269.

On appeal, the defendant argues that the trial justice abused his discretion because he did not consider these factors before granting the plaintiff's motion for a preliminary injunction. She also argues that the trial justice erred by denying her the opportunity to testify meaningfully in her defense and to make a closing statement. Because we agree with the defendant's first argument, we need not consider the latter. We pause to note, however, that *pro se* litigants, like those represented by counsel, are entitled to a fair opportunity to be heard before their cases are decided. *See* Art. VI, Rule 2.6(A) of the Supreme Court Code of Judicial Conduct ("A judge shall accord to every person who has a legal interest in a proceeding, or that person's lawyer, the right to be heard according to law.") (asterisks omitted).

For the reasons stated herein, we vacate the order of the Superior Court.  The record shall be returned to the Superior Court.


Entered as an Order of this Court this   14th   day of May, 2024.

By Order,


/s/ Meredith A. Benoit, Clerk
_____
Clerk


Justice Lynch Prata did not participate.



# STATE OF RHODE ISLAND

## SUPREME COURT – CLERK'S OFFICE

Licht Judicial Complex
250 Benefit Street
Providence, RI  02903

## ORDER COVER SHEET

| | | |
|---|---|---|
| **Title of Case** | Carol Scalzo v. Victoria Mendrinos. | |
| **Case Number** | No. 2023-301-Appeal.<br>(PC 23-1985) | |
| **Date Order Filed** | May 14, 2024 | |
| **Justices** | Suttell, C.J., Goldberg, Robinson, and Long, JJ. | |
| **Source of Appeal** | Providence County Superior Court | |
| **Judicial Officer from Lower Court** | Associate Justice R. David Cruise | |
| **Attorney(s) on Appeal** | For Plaintiff:<br><br>Carol Scalzo, *pro se* | |
| | For Defendant:<br><br>Brett Vincent Beaubien, Esq. | |